[No. 30016-8-II.   Division Two.   November 1, 2005.]

*In the Matter of the Custody of* A.C. ET AL.

*In the Matter of the Marriage of* SUSAN CUMMING, *Respondent,* and MICHAEL ADAM CUMMING, SR., *Appellant.*

ORDER ON REMAND PUBLISHED AT THE DIRECTION OF THE COURT OF APPEALS.

158

*Jeffrey J. Hatch* (of *Marsh & Higgins, P.C.*), for appellant.
*Jennifer K. Snider* (of *Reed & Johnson*), for respondent.

¶1 QUINN-BRINTNALL, C.J. — On October 6, 2005, Department II of the Washington Supreme Court granted Michael Cumming's Petition for Review and remanded the matter to the Court of Appeals Division Two for reconsideration in light of *In re Parentage of C.A.M.A.*, 154 Wn.2d 52, 109 P.3d 405 (2005). In that case, our Supreme Court held that RCW 26.09.240, the statute which provided third party visitation rights, is unconstitutional in its entirety. *C.A.M.A.*, 154 Wn.2d at 70.

¶2 Our initial opinion in this case can be found at *Cumming v. Cumming*, 124 Wn. App. 846, 103 P.3d 226 (2004). In affirming the trial court's visitation plan, we stated:

Here, the grandmother obtained visitation rights under RCW 26.09.240. This statute does not contain the provisions which *Troxel v. Granville,* 530 U.S. 57, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000) found troubling. *See In re Parentage of C.A.M.A.,* 120 Wn. App. 199, 212-14, 84 P.3d 1253 (2004).

124 Wn. App. at 854.

¶3 Having reconsidered our earlier decision in light of the holding in *In re Parentage of C.A.M.A.,* 154 Wn.2d 52, 109 P.3d 405 (2005), we now reverse and vacate the trial court's order granting the children's grandmother limited visitation rights. And remand the case to the superior court for correction of the parenting plan accordingly.